MURDOCK, Judge,
concurring specially.
I concur in the well-reasoned analysis of the main opinion. My agreement with the main opinion is bolstered by my threshold observations that (1) the Legislature clearly must have intended that a retiring member of the Employees’ Retirement System be entitled to receive retirement benefits even if he or she does not exercise one of the options given to them in § 36-27-16(d), Ala.Code 1975, to select reduced retirement payments during their life in return for certain benefits payable after their death, and (2) accordingly, the Legislature likewise must have intended there to be a default as to what an employee’s retirement allowance would be in the absence of such an election. The main opinion correctly identifies that default.
I write separately to explain my understanding of one particular portion of the main opinion. Specifically, near the end of the opinion is found the following:
‘We note that the circuit court was clearly moved in this case to ‘do equity,’ ie., to alleviate a seemingly harsh result by directing ERS to make payments to the estate of a longtime State employee in lieu of enforcing the provisions of § 36-26-17. However, it is a well-settled maxim that ‘[e]quity follows the law.’ See, e.g., Scott v. Kelley, 745 So.2d 872, 877 (Ala.Civ.App.1999).”
907 So.2d at 1046-47. I write separately to explain that I construe the foregoing not as a statement that this case is governed by equity, rather than law, but instead as merely a comment that, even if equity were somehow to govern the outcome of this case, that equity would have to “follow the law.” Given the particular facts in this case, it is unfortunate for the beneficiaries of Stothart’s estate that the *1048 outcome of the case is controlled by that law, but it is.